NATALE OLIVERI, AN INDIVIDUAL, TRADING AS YOO-HOO BEVERAGE COMPANY, PLAINTIFF-RESPONDENT, v. JOHN, GARRET, NICHOLAS, HERMAN, SAMUEL AND BARNEY VANDERMAY, TRADING AS LITTLE FALLS LAUNDRY COMPANY, DEFENDANTS-APPELLANTS, AND DIRK KRUYFF AND RUSSELL BANTA, DEFENDANTS.

Submitted October 14, 1932—Decided March 25, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the plaintiff-respondent, *Harry L. Schoen.*

For the defendants-appellants, *Evans, Smith & Evans.*

PER CURIAM.

The action was brought by Natale Oliveri to recover for damage done to his truck as the result of a collision between that truck, a car belonging to the defendant Dirk Kruyff and another car owned by the VanderMays (defendants-appellants), trading as Little Falls Laundry Company, and alleged to have been driven by one Russell Banta. At the conclusion of the plaintiff's case Banta sought and was granted a nonsuit upon the ground that there was no proof showing him to be the driver of the VanderMay truck. At the same time the VanderMays moved for and were denied a judgment of nonsuit.

The only specification of error set up by the appellants is as follows:

"At the close of the plaintiff's case the attorney for the appellants, who was also attorney for the co-defendant Russell Banta, moved for a nonsuit as to the appellants and the co-defendant Russell Banta. The court granted the nonsuit with respect to the defendant Russell Banta, but refused to grant a nonsuit with respect to the appellants. The court erred in this determination and the appellants are dissatisfied with the same in point of law, by reason of the fact that it was alleged in the state of demand filed by the respondent and admitted in the counter-claim of the appellants that the appellants were the owners of the motor vehicle and that the co-defendant Russell Banta was their agent in the operation of the same at the time of the accident, and that, therefore, the court, in granting the nonsuit in behalf of the co-defendant Russell Banta, should also have granted a nonsuit in favor of the appellants."

In support of that contention the appellants cite numerous cases which, however, are all quite beside the point. These cases center upon the proposition that where the basis of an action is the alleged negligence of the driver, the court may not find the driver not to have been negligent and at the same time find the owner negligent, in other words may not acquit the servant and bring a verdict against the master. That rule has no application to the case at bar. The court did not here find that appellants' driver was not negligent. The finding was that Banta was not shown to have been the driver of appellants' truck; and the proofs as disclosed by the printed state of case sustain that finding.

The appeal having been made to hang upon the disposition of the case against Banta, it follows that the judgment below will be affirmed, with costs.